FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2013 MAY 17 PM 4: 1

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. CR412-278 |
| | ) | |
| ANTONIO TAVARIS BROWN, | ) | |
| | ) | |
| Defendant. | ) | |

### O R D E R

Before the Court is the Magistrate Judge's Report and Recommendation (Doc. 24), to which objections have been filed (Doc. 27). In the report and recommendation, the Magistrate Judge recommends that Defendant Antonio Tavaris Brown's Motion to Suppress (Doc. 15) and Motion to Quash Indictment (Doc. 16) be denied. After a careful de novo review of the record in this case, the Court finds Defendant's objections without merit and concurs with the report and recommendation. Accordingly, the report and recommendation is **ADOPTED** as the Court's opinion in this case and Defendant's motions are **DENIED**.

Defendant seeks to suppress a .22-caliber revolver handgun on the grounds that it was the result of an improper search of his residence. Despite Defendant's assertions, there was probable cause—namely, a counter narcotics team observed and filmed the vehicle parked at Defendant's

residence participating in a controlled drug transaction, and tracked it back to Defendant's residence. Additionally, Defendant and Defendant's wife agreed to have the law enforcement agents speak inside the residence, obviating the concern that agents entered improperly or under false pretenses. Finally, Defendant and his wife signed separate consent forms that confirmed they had been informed of both their constitutional right to not have the police search their home without first obtaining a search warrant and their right to refuse any such request. While Defendant contends he was forced and coerced into consenting to the search, the Magistrate Judge found this testimony to be unworthy of credence because of "the nature and sequence of the events, the demeanor of those involved, and the overall tone of the encounter." (Doc. 24 at 5 n.3.) Taken together, in the Court's opinion, Defendant freely and voluntarily consented to a search of his residence, making the search constitutionally proper. See United States v. Tovar-Rico, 61 F.3d 1529, 1536 (11th Cir. 1995) (citing Schneckloth v. Bustamonte, 412 U.S. 218, 227 (1973)). As a result, Defendant's suppression motion (Doc. 15) must be denied.

Defendant also moves that the indictment should be quashed on the ground that facts submitted to the grand jury

were untrue. This argument also fails. The United States Supreme Court has held that "the mere fact that evidence itself is unreliable is not sufficient to require a dismissal of the indictment." United States v. Williams, 504 U.S. 36, 54-55 (citation omitted). Dismissal of an indictment is only proper when there is an abuse of the grand jury process, such as perjury or government misconduct. See United States v. DiBernardo, 775 F.2d 1470, 1475 (11th Cir. 1985). Defendant has failed to make a showing that any of the agent's grand jury testimony rose to the level of perjury. As a result, Defendant's motion (Doc. 16) must be denied.

SO ORDERED this 17th day of May 2013.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA